**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**CLARENDON AMERICA INSURANCE
COMPANY,**

                     **Plaintiff,**

**-vs-**                                       **Case No. 6:09-cv-1181-Orl-28KRS**

**JEDAK CORPORATION, SEABREEZE
OFFICE ASSOCIATES, LLC, NEIL
HUNTER,**

                     **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANTS SEA[B]REEZE'S MOTION FOR LEAVE OF COURT TO ASSERT A CROSSCLAIM (Doc. No. 34)**
>
> **FILED:** December 11, 2009

### I. PROCEDURAL HISTORY.

The instant dispute arises from a case filed by Defendant Neil Hunter in state court (the "*Hunter* case") against Defendants Jedak Corporation ("Jedak") and Seabreeze Office Associates, LLC ("Seabreeze"). *See* Doc. No. 34-2. In that case, Hunter alleged that he was injured during a shooting incident that occurred in the parking lot of Razzle's nightclub on August 5, 2006. Jedak, owner/operator of Razzle's, leased the parking lot from Seabreeze.

Plaintiff Clarendon America Insurance Company ("Clarendon") issued a commercial general liability insurance policy to Jedak. On July 9, 2009, Clarendon filed a complaint for declaratory relief against Jedak, Seabreeze, and Hunter in the present case. Clarendon seeks a declaration that it has no duty to defend or indemnify any individual or entity who may qualify as an insured under the general liability policy it issued to Jedak for damages found in the *Hunter* case. Clarendon's complaint is based on diversity jurisdiction, because Clarendon is not a citizen of Florida but each Defendant is a citizen of Florida. Doc. No. 1.

On September 23, 2009, the Court issued a Case Management and Scheduling Order that established November 2, 2009, as the date for filing motions to add parties or to amend pleadings. Doc. No. 24.

On December 11, 2009, Seabreeze filed a motion for leave of court to assert a crossclaim against Jedak. Doc. No. 34. Seabreeze asserts that its insurer, Travelers Insurance Company ("Travelers"), settled the *Hunter* case on behalf of Seabreeze sometime after November 2, 2009. Travelers then requested that Seabreeze file a crossclaim against Jedak for breach of the lease agreement entered into between Seabreeze and Jedak and for indemnification under the lease agreement and under common law. Seabreeze contends that good cause exists to permit the belated filing of the motion for leave to file a crossclaim because it was not aware that it would pursue a crossclaim until after Travelers settled the *Hunter* case on its behalf.

Seabreeze contends that the Court may exercise supplemental jurisdiction over its crossclaim pursuant to 28 U.S.C. § 1367. Seabreeze submitted a proposed crossclaim with its motion, Doc. No. 34-4, which contains claims of breach of contract, contractual indemnity, and common law indemnity

against Jedak. Seabreeze contends that assertion of the crossclaim would not cause prejudice to any party because discovery in this case has only recently begun.

Jedak opposes Seabreeze's motion. Doc. No. 38. Jedak maintains that there is no good cause to justify the untimeliness of Seabreeze's motion because Seabreeze and Travelers knew of the potential causes of action against Jedak prior to expiration of the deadline to amend pleadings. Jedak also maintains that the Court does not have jurisdiction over Seabreeze's proposed crossclaim because the claims asserted therein are separate and independent of those asserted in the instant declaratory action.

## II. ANALYSIS.

### A. *Untimeliness of Seabreeze's Motion.*

Fed. R. Civ. P. 13(g) provides that "[a] pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action . . . or if the claim relates to any property that is the subject matter of the original action." Seabreeze filed its answer to the complaint on September 29, 2009. Doc. No. 27. Therefore, the present motion must be construed as a motion to amend the answer. The deadline for filing motions to amend pleadings was November 2, 2009.

"[W]hen a party asks to amend a pleading after the applicable scheduling order deadline has passed, the party is in effect seeking to modify this deadline." *See Estate of Miller v. Thrifty Rent-A-Car Sys., Inc.*, 609 F. Supp. 2d 1235, 1251 (M.D. Fla. 2009) (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)). The applicable standard for the modification of deadlines is set forth in Fed. R. Civ. P. 6 and 16. *Id.* Rule 6 requires a showing of excusable neglect when a party files a motion after the time for filing such motion has expired. Fed. R. Civ. P. 6(b)(1)(B). Rule 16

requires a showing of good cause for modification of a court's scheduling order. Fed. R. Civ. P. 16(b)(4). Thus, a party must demonstrate both good cause and excusable neglect for filing an untimely motion. *Thrifty*, 609 F. Supp. 2d at 1252.

"This good cause standard precludes modification [of the court's scheduling order] unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16 advisory comm. note). To establish excusable neglect, a party must show that: (1) it had a meritorious position that might have affected the outcome; (2) granting the motion would not result in prejudice to the opposing party; and (3) a good reason existed for failing to meet the deadline. *Florida Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) (citing *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990)).

Seabreeze contends that it was not aware that it would be pursuing a crossclaim for Travelers until after Travelers settled the *Hunter* case on its behalf. Thus, it argues that it "could not have reasonably met the scheduling deadline for amendment of pleadings," and its delay "was not caused by Seabreeze's lack of diligence." Doc. No. 34 at 6.

Seabreeze's argument may have merit with respect to the indemnification causes of action, because the right to seek indemnification did not arise until Travelers settled the *Hunter* case. The Court cannot assess the timeliness of the motion as to these proposed causes of action, however, because it is unclear from the record when Travelers settled the *Hunter* case.

Seabreeze's good cause/excusable neglect argument does not have merit as to the proposed breach of contract claim. The lease agreement between Seabreeze and Jedak provides that Jedak was required to maintain insurance against accidents, casualties, or damage to property with minimum limits of $3,000,000.00 per occurrence, and provide Seabreeze with "insurance certificates evidencing

compliance with the above requirements prior to commencement of this Lease, and continue to furnish renewal certificates as such policies expire . . . ." Doc. No. 34-1 ¶ 17. In the proposed crossclaim, Seabreeze alleges that Jedak did not maintain the minimum limits of insurance required by the contract. It does not allege, however, when Jedak furnished it with the required insurance certificates, or failed to do so, which would be the date on which Seabreeze knew or should have known that Jedak did not carry the minimum limits of insurance required by the contract.

Accordingly, the motion should be denied for failure to show excusable neglect or good cause for the untimely filing of the motion for leave to amend the answer to assert a crossclaim.

*B.     Same Transaction or Occurrence*.

Fed. R. Civ. P. 13(g) permits the filing of a crossclaim that "arises out of the transaction or occurrence that is the subject matter of the original action . . . ." The Court may exercise supplemental jurisdiction over cases arising under state law if the proposed crossclaim is "so related to [the] claims in [this] action . . . that they form part of the same case or controversy." 28 U.S.C. § 1367(a). The Rule 13(g) analysis of the underlying transaction or occurrence is the same as the § 1367 analysis of the case or controversy. *See Amco Constr. Co. v. Miss. State Bldg. Comm'n*, 602 F.2d 730, 732-33 (5th Cir. 1979).

Even if Seabreeze could establish good cause/excusable neglect to permit the belated filing of the motion for leave to file a crossclaim, the crossclaim and exercise of supplemental jurisdiction are not appropriate because the causes of action in the proposed crossclaim do not arise out of the same transaction or occurrence as Clarendon's claims against Jedak. Clarendon's complaint seeks an interpretation of its insurance policy and whether the facts underlying the *Hunter* case fall within

the assault and battery exclusion in the policy. Jedak's proposed crossclaim against Seabreeze arises primarily from the provisions of the lease agreement between Jedak and Seabreeze.

Finally, even if the proposed crossclaim arises out of the same transaction or occurrence underlying Clarendon's complaint, a district court may exercise its discretion to decline supplemental jurisdiction if: (1) the claims raise novel or complex issues of state law; (2) the claims substantially predominate over the claims over which the court has original jurisdiction; (3) the court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons to decline jurisdiction. 28 U.S.C. § 1367(c). "Substantial predominance exists 'when it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage.'" *Santiago v. Wm. G. Roe & Sons, Inc.*, No. 8-07-CV-1786-T-27MAP, 2008 WL 2944921, at *1 (M.D. Fla. July 29, 2008) (quoting *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 734 (11th Cir. 2006)). "For instance, state issues may predominate 'in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought.'" *Id.* (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)).

In its proposed crossclaim, Seabreeze seeks compensatory damages, attorney's fees and costs, and interest. These remedies are more comprehensive than the declaratory relief sought by Clarendon. Additionally, as discussed above, the scope of the issues raised and the proof required for breach of contract, and for contractual and common law indemnification, are beyond the matters that must be resolved to dispose of Clarendon's claim. As such, the claims presented in the proposed crossclaim would substantially predominate over the claims presented in Clarendon's complaint.

Accordingly, the motion should also be denied because the crossclaim does not arise out of the same transaction or occurrence underlying the complaint. Alternately, the Court should decline

-6-

to exercise supplemental jurisdiction because the proposed crossclaim would substantially predominate over the claim in the complaint.

## III. RECOMMENDATION.

Based upon the foregoing, I respectfully recommend that the Court **DENY** Defendant Seabreeze's Motion for Leave of Court to Assert a Crossclaim, Doc. No. 34.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 20, 2010.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy